```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
THE COUNTY OF GENESEE et al.,

                    Plaintiffs,
                                         MEMORANDUM & ORDER
         -against-                       21-CV-1039 (JS)(SIL)

MCKINSEY & COMPANY, INC.,

                    Defendant.
-----------------------------------X
APPEARANCES
For Plaintiffs:     Salvatore C. Badala, Esq.
                    Joseph L. Ciaccio, Esq.
                    ShaynA E. Sacks, Esq.
                    Napoli Shkolnik PLLC
                    400 Broadhollow Road, Suite 305
                    Melville, New York 11747

                    Matthew Brown, Esq.
                    Brown Pelican PLLC
                    7007 Shook Avenue
                    Dallas, Texas 75214

For Defendant:      James Lawrence Bernard, Esq.
                    David M. Cheifetz, Esq.
                    Stroock & Stroock & Lavan LLP
                    180 Maiden Lane
                    New York, New York 10038
```

FILED
CLERK

5/28/2021 5:10 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

SEYBERT, District Judge:

Before the Court is McKinsey & Company, Inc.'s ("Defendant") motion for a stay of proceedings pending the resolution of its motion to transfer for consolidated pre-trial proceedings currently before the Judicial Panel on Multidistrict Litigation ("JPML") (the "Stay Motion"). (Stay Mot., ECF No. 13;

Def. Br., ECF No. 14; Reply, ECF No. 22.) Plaintiffs[1] oppose the Stay Motion. (Pls. Opp., ECF No. 18.) For the following reasons, Defendant's Stay Motion is GRANTED.

This action is one of dozens filed against Defendant regarding consulting work Defendant performed for Purdue Pharma L.P. ("Purdue"), the manufacturer of OxyContin. On February 1, 2021, the Plaintiffs initiated this action in the Supreme Court of the State of New York, Genesee County (Index No. E68903). On February 25, 2021, Defendant timely removed this action to this Court. Defendant has filed a motion requesting that the JPML consolidate for pre-trial purposes all related actions against Defendant, including this one, in a new multi-district litigation ("MDL") in the Southern District of New York; a panel heard argument for the motion on May 27, 2021. (See Mot. Transfer, ECF No. 10-1.) On March 24, 2021, Plaintiffs filed a motion to remand to state court (the "Remand Motion") (Mot. Remand, ECF No. 17), which Defendant opposes (Opp., ECF No. 23).

---

[1] Plaintiffs include the following political subdivisions of the State of New York: the County of Genesee; the Town of Auburn; the City of Buffalo; the County of Chautauqua; the County of Chemung; the County of Chenango; the County of Clinton; the County of Cortland; the County of Hamilton; the City of Ithaca; the City of Kingston; the County of Livingston; the County of Madison; the City of Mount Vernon; the County of Niagara; the County of Orleans; the City of Poughkeepsie; the Town of Poughkeepsie; the County of Rensselaer; the City of Saratoga Springs; and the County of Steuben.

2

I.  Consideration of Plaintiffs' Pending Remand Motion

In their Remand Motion, Plaintiffs raise several arguments as to why removal of the action was improper and remand appropriate. First, Plaintiffs contend that removal was improper under 28 U.S.C. § 1452(a), because they are "government unit[s]" who intend in this action to enforce their police or regulatory powers, placing them within the "police or regulatory power" exception to removal under section 1452(a). (Mot. Remand at 5-7.) Second, Plaintiffs contend this Court lacks subject matter jurisdiction, because Defendant's sole ground for jurisdiction -- that the action is "related to" Purdue's Chapter 11 bankruptcy -- is without merit. (Id. at 8-18.) Last, Plaintiffs argue that this Court should abstain from hearing the removed action under 28 U.S.C. § 1334(c)(2). (Id. at 19-25.)

"A court presented with both a remand motion and a motion to stay a case pending the JPML's resolution of a transfer motion has discretion as to whether to resolve the remand motion." Ritchie Cap. Mgmt., LLC v. Gen. Elec. Cap. Corp., 87 F. Supp. 3d 463, 467 (S.D.N.Y. 2015) (citing Med. Soc'y of N.Y. v. Conn. Gen. Corp., 187 F. Supp. 2d 89, 91-92 (S.D.N.Y. 2001)). As the Second Circuit has clarified, where the remand motion is based on jurisdictional issues common to other cases that are subject to the pending transfer motion, the argument for deferring resolution of that issue to the eventual transferee court is strong. Id. at

3

468 (citing Ivy v. Diamond Shamrock Chems. Co., 901 F.2d 7, 9 (2d Cir. 1990) (holding consistency and judicial economy are served by transferring and consolidating cases with pending remand motions where "[t]he jurisdictional issue in question is easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation")); see also City of Amsterdam v. Purdue Pharma L.P., No. 19-CV-0896, 2019 WL 5102564, at *3 (N.D.N.Y. Oct. 11, 2019).

Having reviewed Plaintiffs' Remand Motion, as well as motions to remand filed by plaintiffs in other cases subject to the pending transfer motion, the Court declines to exercise its jurisdiction to resolve the Remand Motion. The jurisdictional issues Plaintiffs raise "are not unique to this case" and are "easily capable of arising in," and in fact have already arisen in, other actions subject to the pending transfer order. Krieger v. Merck & Co., Inc., 2005 WL 2921640, No. 05-CV-6338, at *2 (W.D.N.Y. Nov. 4, 2005); Ivy, 901 F.2d at 9. Many, if not all, of the other actions subject to potential consolidation involve plaintiffs that are political subdivisions, so Plaintiffs' argument here that the "police or regulatory power" exception to removal applies can be addressed on a consolidated basis in the MDL, to the extent one is created. (See Schedule of Actions, Not. Mot. Filing with JPML, Ex. C., ECF No. 10-3 (listing related actions filed against Defendant as of March 8, 2021, including

4

many filed by political subdivisions).) In fact, Plaintiffs remaining arguments in support of remand -- that "related to" jurisdiction is absent and abstention is warranted -- have been raised by plaintiffs in other actions subject to the pending transfer order. See, e.g., St. Clair County v. McKinsey & Co., No. 21-CV-0251, Pls. Remand Br., ECF No. 21, at 10-30 (S.D. Ill. Mar. 19, 2021); Citizen Potawatomie Nation v. McKinsey & Co., No. 21-CV-0170, Pls. Remand Br., ECF No. 13, at 9-23 (W.D. Okla. Mar. 24, 2021). Accordingly, the Court finds the logic of Ivy applies and declines to resolve Plaintiffs' Remand Motion at this juncture.

II. Defendant's Stay Motion

Turning to Defendant's Stay Motion, the Court finds, having considered the following five factors used by courts in this Circuit, that a stay is warranted:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

Ritchie, 87 F. Supp. 3d at 471 (quoting Royal Park Invs. SA/NV v. Bank of Am. Corp., 941 F. Supp. 2d 367, 370 (S.D.N.Y. 2013)). Indeed, "[c]ourts within this Circuit frequently stay a case where there is a motion to transfer to a multi district litigation court pending before that court." City of Amsterdam, 2019 WL 5102564,

at *2.

First, the Court finds that any prejudice to Plaintiffs is minimal, because the JPML recently heard oral argument on Defendant's motion to transfer on May 27.  See Ritchie, 87 F. Supp. 3d at 471 (concluding a short stay of sixteen days until the JPML would hear argument on the defendant's motion to transfer would "not prejudice plaintiffs") (collecting cases); see also City of Amsterdam, 2019 WL 5102564, at *3.  In any event, the hardship to Defendant of engaging in duplicative motion practice and discovery proceedings outweighs any prejudice to Plaintiffs.  See Krieger, 2005 WL 2921640, at *2; see also Ritchie, 87 F. Supp. 3d at 471.  The actions against Defendant "appear likely to implicate overlapping core facts, documents, witnesses, and legal theories, and may involve extensive discovery," further supporting a stay until the JPML has ruled on whether consolidation is merited.  Ritchie, 87 F. Supp. 3d at 471.  Last, as courts in this Circuit have recognized, a stay furthers the court's interest in conserving judicial resources, one of the fundamental goals of multidistrict litigation practice.  Id. (citing Royal Park, 941 F. Supp. 2d at 373); see also Krieger, 2005 WL 2921640, at *2.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## CONCLUSION

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED:

Defendant's Stay Motion (ECF No. 13) is GRANTED;

In conjunction with granting the Stay Motion, Defendant's letter motion to extend its time to answer the complaint (ECF No. 16) is also GRANTED; and

The Court declines to rule on Plaintiffs' Remand Motion (ECF No. 17) pending the JPML's resolution of Defendant's motion to transfer.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: May 28, 2021
       Central Islip, New York