1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MCKINSEY & CO., INC. NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>_____/<br><br>This Order Relates To:<br><br>*The County of Westchester et al. v. McKinsey & Company*, *Inc.*, Case No. 21-cv-05467-CRB<br><br>*The County of Genesee et al. v. McKinsey & Company*, *Inc.*, Case No. 21-cv-04386-CRB | MDL No. 3084 CRB<br><br>**ORDER DENYING MOTIONS FOR SUGGESTION OF REMAND**<br><br><br>Re: Dkt. Nos. 687, 688 |

Political Subdivision Plaintiffs in two actions—County of Westchester et al. and County of Genesee et al.—ask the Court to issue a suggestion of remand of their cases to the JPML. The two cases, collectively, comprise the claims of 44 plaintiffs. All are political subdivisions of New York. In this Order, the Court will refer to the Westchester and Genesee plaintiffs collectively as the New York Plaintiffs. For the reasons that follow, the motions are denied.

I.      **BACKGROUND**

The New York Plaintiffs' cases were originally filed in New York state court. McKinsey then removed the cases to the Eastern District of New York, and the JPML transferred the cases here. Now that the vast majority of the Political Subdivision actions

have settled (as have the actions brought by most of the other plaintiff groups), the Moving Plaintiffs say that the time has come to wind up centralized proceedings, at least for their cases. In particular, they say that (1) efficiency is no longer served by centralized proceedings, given the smaller number of actions that remain, and (2) a federal court in New York is better situated to analyze the state law issues that will be at the center of their case. In their reply brief, the New York Plaintiffs raise the issue of certain jurisdictional remand motions that they filed in the transferor court prior to centralization. As discussed at the hearing, the Court agrees that these jurisdictional issues should be decided promptly. A schedule has been set for their briefing. But the merits of those motions are separate from the merits of the New York Plaintiffs' request for a suggestion of remand.

## II.    LEGAL STANDARD

The MDL statute provides that the Panel "'shall . . . remand[]'" each action to the transferor district "'at or before the conclusion'" of pretrial proceedings. 28 U.S.C. § 1407(a). When a party seeks remand "before the completion of centralized pretrial proceedings, the Panel generally remands 'only upon a showing of good cause.'" In re Volkswagen "Clean Diesel" Mkg., Sales Pracs, and Prods. Liab. Litig., MDL No. 2672 CRB (JSC), 2022 WL 4596628 at *1 (N.D. Cal. Feb. 23, 2022) (quoting In re. S. Cent. States Bakery Prods. Antitrust Litig., 462 F. Supp. 388, 390 (J.P.M.L. 1978)).

In considering motions for suggestions of remand, "transferee courts apply the same guidelines the Panel itself would apply when deciding whether to order remand." Arora v. Midland Credit Mgmt., Inc., MDL No. 2286 MMA (MDD), 2017 WL 3263110 at *1 (S.D. Cal. Aug. 1, 2017). "Generally, the decision to remand turns on the question of 'whether the case will benefit from further coordinated proceedings as part of the MDL,'" and "[r]emand is appropriate when the discrete function performed by the transferee court has been completed." In re Baycol Prods. Litig., 265 F.R.D. 453, 455 (D. Minn. 2008). "The party seeking remand prior to the conclusion of pretrial proceedings bears the burden of establishing that remand is warranted." See In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., No. 1:00-1898, 2019 WL 117302, at *2 (S.D.N.Y. Jan. 7, 2019).

## III.   DISCUSSION

Although the size of this MDL has diminished following the finalization of various class and non-class settlements, the New York Plaintiffs have not persuaded the Court that remand of their cases is appropriate at this time.  Even with a smaller group of cases to manage, further centralized proceedings will continue to serve the basic purposes of multidistrict litigation.

As an initial matter, the cases that remain here are not insubstantial, and they continue to share common issues of fact that make them amenable to coordinated proceedings.  Including the New York Plaintiffs' cases, there are six Political Subdivision actions still pending, representing the claims of 77 separate subdivisions from four states.  In addition, the Court has denied in part McKinsey's motion to dismiss the NAS Plaintiffs' claims, and it appears that those cases will proceed to discovery.  The MDL also contains a handful of individual personal injury/wrongful death actions.  All of these actions concern the same common issues of fact related to McKinsey's conduct that led the JPML to centralize these cases in the first instance.  See In re McKinsey & Co., Inc., Nat'l Prescription Opiate Consultant Litig., 543 F. Supp. 3d 1377, 1378–79 (U.S. Jud. Pan. Mult. Lit. 2021).

But even if the New York Plaintiffs' actions were the only ones remaining, remand would not necessarily be appropriate.  See Wang, 2013 WL 3479507, at *3 ("The mere fact that pretrial proceedings have been concluded in some or most of the transferred cases does not justify remand of other cases initially transferred by the Panel.  Even if the transferee court had disposed of all but one transferred case, the Panel may refuse to remand that single case to the transferor district because discovery still remained to be completed in that case.") (quoting David F. Herr, Multidistrict Litigation Manual § 10:7 (2012 ed.)); In re Integrated Res., MDL No. 897, 1995 WL 234975 at *4 (S.D.N.Y. Apr. 21, 1995) ("The mere fact that all other cases in a consolidated litigation have been terminated does not constitute 'good cause' as required by the prior decisions of the Panel") (internal citation omitted); In re CBS Color Tube Pat. Litig., 342 F. Supp. 1403,

United States District Court
Northern District of California

3

1   1405 (J.P.M.L. 1972) ("[W]e are not convinced by defendants' arguments that an action, in

2   which discovery is not yet completed, should be remanded simply because all other

3   consolidated cases in the transferee court have been dismissed or terminated in some

4   way.").

5           That is because, first, there are two pending threshold motions—the Res

6   Judicata/Release Motion and the Rule 12(b)(6) Motion to Dismiss—that concern common,

7   potentially dispositive, pretrial issues and have already been extensively briefed.  At the

8   parties' request, the Court stayed the motions pending their settlement negotiations.  But

9   now that the settlements have been struck, the most efficient course is going forward with

10  deciding the motions—not kicking the can to other courts, where the motions would likely

11  have to be re-briefed and re-argued in full.  Indeed, remanding the cases would not only

12  create inefficiencies, it would create a risk of conflicting pretrial rulings—one of the

13  problems that multidistrict litigation is supposed to avoid.  See, e.g., In re Keurig Green

14  Mountain Single-Serve Coffee Antitrust Litig., 2021 WL 2983141, at *3 ("[R]etaining

15  JBR's case ensures that this case 'avoid[s] inconsistent rulings,' particularly as it pertains

16  to Defendant's upcoming motions for summary judgment."); In re CBS Color Tube Pat.

17  Litig., 342 F. Supp. at 1404–05 (declining to remand following settlement of all but two

18  MDL actions because of pending motions); In re Gypsum Wallboard, 340 F. Supp. 990,

19  992 (J.P.M.L. 1972) (declining to remand when a motion for summary judgment was

20  pending); In re Motor Fuel Temperature Sales Pracs. Litig., No. 07-MD-1840-KHV, 2012

21  WL 1963350, at *3 (D. Kan. May 30, 2012) (denying suggestion of remand in part

22  because unresolved motions were pending); In re WellPoint, Inc., No. MDL 09-2074 PSG

23  (FFMx), 2015 WL 12744266, at *1-2 (C.D. Cal. Dec. 15, 2015) (declining to suggest

24  remand following dismissal of "most of the plaintiffs" in the MDL because "upcoming

25  motions would still benefit from MDL treatment" given court's earlier examination of the

26  applicable "legal framework" for the motions).

27          Second, discovery has not been concluded, and the parties and the courts will

28  continue to benefit from coordinated discovery proceedings.  Discovery in the NAS

United States District Court
Northern District of California

1  Plaintiffs' cases is set to begin in earnest, and, assuming McKinsey's threshold motions do

2  not end the Subdivision cases, much remains to be done in those actions, too.  This

3  includes the taking of fact and expert witness depositions—a type of discovery for which

4  coordination is especially beneficial.  Additionally, because a certain amount of discovery

5  was already taken in this cases, Magistrate Judge Kim has already established various

6  discovery protocols and gained a familiarity with some of the substantive issues that are

7  likely to give rise to discovery disputes.  So the prospect of further discovery also counsels

8  against suggesting remand.  See In re Countrywide Fin. Corp. Mortg.-Backed Securities

9  Litig., 2014 WL 12778846 at *2 ( "Remand . . . would require the parties to conduct

10 discovery on opposite coasts, resolving potential discovery disputes in different courts.");

11 In re MTBE Prods. Liab. Litig., 2019 WL 117302, at *2 (denying suggestion of remand

12 where "common . . . discovery is underway in this case and is not scheduled to be

13 completed until next year"); In re Volkswagen "Clean Diesel" Mkg., Sales Pracs., and

14 Prods. Liab. Litig., 2022 WL 4596628 at *1 (declining to suggest remand in part to avoid

15 duplicative, common discovery, which was ongoing).

16      Third, with respect to both discovery and motion practice, "the Court has accrued

17 significant familiarity with complex factual and legal issues" in these cases, and remanding

18 the actions would squander the potential benefits of that experience.  That, too, counsels

19 against remand.  See Wang v. Bear Stearns Companies, Inc., No. 11 Civ. 5643, 2013 WL

20 3479507, at *3 (S.D.N.Y. July 10, 2023); In re MTBE Prods. Liab. Litig., 2019 WL

21 117302, at *2.

22      Finally, the fact that issues of New York law are important to resolving the New

23 York cases is not a persuasive reason for remand.  MDL courts routinely decide pretrial

24 motions under the laws of multiple states.  See, e.g., In re CVS Caremark Corp. Wage &

25 Hour Emp. Pracs. Litig., 684 F. Supp. 2d 1377, 1378 (J.P.M.L. 2010) ("[I]t is 'within the

26 very nature of coordinated or consolidated pretrial proceedings in multidistrict litigation

27 for the transferee judge to be called upon to apply the law of more than one state.'")

28 (quoting In re Air Crash Disaster at John F. Kennedy Int'l Airport on Jun. 24, 1975, 407 F.

5

Supp. 244 (J.P.M.L. 1976)); In re Uber Techs., Inc., Passenger Sexual Assault Litig., MDL No. 3084, 2023 WL 6456588, at *2-3 (J.P.M.L. Oct. 4, 2023), supplemented, MDL No. 3084, 2024 WL 41889 (J.P.M.L. Jan. 4, 2024).  Nor does the fact that the New York Plaintiffs (and possibly also the remaining Illinois subdivisions) have unresolved jurisdictional objections support remanding the cases to the federal transferor courts. Indeed, the opposite is true.  Those motions will turn largely on federal law, and they involve overlapping issues: McKinsey's basis for removal in the New York Plaintiffs' cases is the same as one of its bases for removal in the Illinois cases.

**IV.    CONCLUSION**

For the foregoing reasons, the motions for a suggestion of remand of the County of Westchester et al. and County of Genesee et al. actions are denied.

**IT IS SO ORDERED.**

Dated: June 4, 2024

_____
CHARLES R. BREYER
United States District Judge